IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lowell N. Payne, Jr. | : | |
| Plaintiff | : | Civil Action 2:13-cv-1172 |
| v. | : | Judge Smith |
| Cathy Pummill, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Lowell N. Payne, Jr., an inmate at the Chillicothe Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendants prevented him from providing legal assistance to other inmates. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable

---

[1]The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges that defendants have interfered with plaintiff Payne providing legal assistance to other inmates. Although the complaint lists 50 other inmates as plaintiffs, it does not contain allegations about any of them other than Donnell Foster. Mr. Foster has not tendered the Court's filing fee or executed a motion to proceed *in forma pauperis*.

The complaint alleges the following facts. In July 2013, defendant Cathy Pummill, the CCI librarian deleted legal work Payne had done for Foster from the computer the work was stored on. Pummill told Payne that he was not allowed to assist Foster or any other inmate with the preparation of legal work. Pummill issued Payne a conduct report, but found not guilty by the hearing officer. In August 2013, Pummill issued Payne two more conduct reports arising out of his performing legal work for other inmates.

Plaintiff seeks to maintain this lawsuit as a class action with himself representing the class. (Doc. 3.)

---

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

2

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

While the First Amendment right of prisoners for access to the courts is well-established, a prisoner has no independent right to assist other prisoners with their legal work. *Thaddeus-X v. Blatter,* 175 F.3d 378, 395 (6th Cir. 1999)(en banc). "[P]rison officials may prohibit or limit jailhouse lawyering unless doing so interferes with an inmate's ability to present his grievances to a court." *Id.*

The Ohio Administrative Code provides:

> (5) Inmates shall be permitted to assist each other in the preparation of legal documents. However, it shall be a violation of institutional rules for an inmate to charge a fee of any kind for such services.

O.A.C. § 5120-9-20(B)(5). The Ohio Department of Rehabilitation and Correction interprets this regulation to mean that "inmates are permitted to assist one another in the preparation and filing of legal documents . . . ," but an inmate does not have the right "to receive

3

assistance from a specific inmate or to provide assistance to a specific inmate." 59-LEG-01, pt. VI(F)(1) and (2)(a).

Since both the case law from the United States Court of Appeals for the Sixth Circuit and the Ohio Department of Rehabilitation and Correction rules clearly hold that "an inmate does not have an independent right to help other prisoners with their legal claims. *See Gibbs v. Hopkins,* 10 F.3d 373, 378 (6th Cir. 1993)," *Thaddeus-X,* 175 F.3d at 395, the complaint fails to state a claim that plaintiff Payne was denied a constitutional right. None of the other inmates have paid the filing fee or moved for leave to proceed *in forma pauperis*. Fur-ther, the complaint pleads no facts about any other inmate except Donnell Foster; and as to him, it does not allege that he was, in fact, denied access to the courts. Consequently, the complaint fails to state a claim for relief.

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

It is **FURTHER RECOMMENDED** that plaintiff Payne's motion for certification of a class action be **DENIED** because pro se prisoners are not qualified to adequately represent a class. *Martin v. Middendorf,* 420 F. Supp. 779, 780-81 (D. D.C. 1976); *Carlisle v. Sierlaff,* 62 F.R.D. 441, 442 (E.D. Ill. 1974); *Jeffrey v. Malcolm,* 353 F. Supp. 395, 397 (S.D. N.Y. 1973). *See, McGoldrick v. Werholtz,* 185 Fed. Appx. 741, 744, 2006 WL 1704463, **2 (10th Cir. June 22, 2006); *Fymbo v. State Farm Fire and Casualty Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000); *Phillips v. Tobin,* 548 F.2d 408, 413-15 (2d Cir. 1976); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975).

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each

defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).

                                                  s/Mark R. Abel
                                                  United States Magistrate Judge